IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SIX HOGS LLC                                                                                PLAINTIFF

CASE NO. 4:20-cv-338-KGB

JOHN DOE, d/b/a SAMSONICO                                              DEFENDANTS
INTERNATIONAL INC.; SAMSONICO
USA LLC

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION TO DISMISS COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b), plaintiff Six Hogs LLC ("Six Hogs") respectfully moves the Court for dismissal of the counterclaim asserted by defendant / counter-plaintiff John Doe d/b/a Samsonico International Inc. (Dkt. No. 36).

**1. Procedural Background.**

This is an action by Six Hogs arising from a communication in June 2019 by one or both defendants to Amazon.com, Inc., ("Amazon") that Six Hogs' indoor snowball product infringes U.S. Patent No. 8,992,356 (the '356 Patent"). (Dkt. No. 1, at ¶¶ 20-37). Six Hogs alleges in its Complaint that the infringement report was false and made in bad faith or with reckless disregard for its truth and that, as a result, Amazon suspended sales of Six Hogs' snowball on its e-commerce platform, causing Six Hogs to sustain lost sales and other damages. (Dkt. No. 1, at ¶¶ 22-25). In addition to seeking damages recovery, Six Hogs seeks declaratory judgment that its product does not infringe the '356 Patent and that the '356 Patent is invalid,

unenforceable, or both.

On May 1, 2020, the defendants filed Defendants' Answer and Counterclaim, in which the John Doe defendant (referred to by defendants as "Samsonico International"[1]) alleges that Six Hogs' snowball product infringes the '356 Patent, either directly or by equivalency. (Dkt No. 36, Counterclaim at ¶ 16.) The counterclaim alleges the following factual background:

> 8. Since [securing a license], Samsonico International has endeavored to stop the unauthorized sales of a number of companies selling knock-off copies of Protected Product, on Amazon and on other e-commerce sites.
>
> 9. As part of such endeavors, Samsonico International and its licensor have purchased a number of samples of such companies' products depicted on Amazon and other e-commerce sites, and compared the samples to the Patent claims and Protected Product, and to the online photographs depicting such companies' products.
>
> 10. In June of 2019 Samsonico International discovered a listing and photograph of Six Hogs' infringing indoor snowball product (the "Knock-off Product") on the Clockwork Cornucopia "storefront" on Amazon.com; copies of said listing and photographs of the Knock-off Product sold by Six Hogs are attached hereto as Exhibit D.
>
> 11. Due to experience gained in previous analyses of indoor snowballs, and after comparing the photo of the Six Hogs Knock-off Product with the Patent, Protected Product and

---

[1] Following defendants' lead, Six Hogs refers herein to defendant / counter-plaintiff John Doe as "Samsonico International." The identity of John Doe, however, remains somewhat murky. In the Answer part of their pleading, Defendants state that the John Doe defendant is "Samsonico International," which is allegedly "a trade name of Samsonico International Co. Ltd., a Taiwanese corporation." (Docket No. 36, Answer at ¶ 2.) Defendants later allege in the Counterclaim part of pleading that the '356 Patent, owned by non-party KM Innovations, LLC, is licensed exclusively to "Samsonico International." A "Notice of License of Patent and Trademark Registration" filed with the United States Patent & Trademark Office, however, which the defendants attach as Exhibit C to their Answer and Counterclaim, identifies the patent's licensee as "Samsonico International, ***Inc.***" (Docket No. 36, Counterclaim at ¶ 7, Exhibit C), suggesting that the licensee is a U.S.-based corporation. Defendants reference, but do not attach, a copy of the actual license itself.

> other samples of indoor snowballs appearing virtually identical to those depicted in Exhibit D, Samsonico International came to the reasonable conclusion that the Knock-off Product depicted in Exhibit D infringes the Patent.

(Dkt No. 36, Counterclaim at ¶ 9.)

Samsonico International then states a short infringement claim in Count 1 with no additional allegations regarding how Six Hogs' product allegedly infringes the '356 Patent. The only statement in Count 1 alleging infringing acts is the following generic and indefinite allegation:

> 16. Without Counterplaintiff's authorization, Counterdefendant made or had made, used, offered for sale and/or sold the Knock-off Product that infringes the Patent, either directly or through the Doctrine of Equivalents.

(*Id.*, at ¶ 16.)

**1. Legal Standard.**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if the relevant pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As noted by another district court in the Eighth Circuit:

> The Federal Circuit Court of Appeals has explained that, even in a patent case, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional circuit." Thus, this court's familiar Eighth Circuit standards apply to this … motion to dismiss.

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 617 (N.D. Iowa 2006) (quoting *Showmaker v. Advanta USA, Inc.*, 411 F.3d 1366, 1367-68 (Fed. Cir. 2005).

Citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this Court described the proper Rule 12(b)(6) analysis as

follows:

> [T]he Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. The Court does not, however, accept as true any allegation that is a legal conclusion. The complaint must set forth enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Cat Claws, Inc. v. Big Lots Stores, Inc.*, No. 4:16cv-00733-SWW, 2017 U.S. Dist. LEXIS 90464, at *3 (E.D. Ark. June 13, 2017) (citations and quotations omitted).[2]

Of particular relevance here, the Supreme Court has stressed that formulaic recitations of the law, unsupported by relevant factual allegations, are insufficient:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.
>
> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff

---

[2] The 2015 Amendments to the Federal Rules of Civil Procedure abrogated Rule 84 and the Appendix of Forms, including Form 18. In pleading direct patent infringement before the Amendments, "compliance with Form 18 'effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading.'" *Ruby Sands LLC v. American Nat. Bank of Texas*, 2016 WL 3542430 at *2 (E.D. Tex. June 28, 2016) (quoting *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282-85 (Fed. Cir. 2013)). "Now, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Ruby Sands*, 2016 WL 3542430 at *2 (internal quotations and citations omitted). Thus, cases evaluating the sufficiency of allegations for patent infringement under Form 18 are inapplicable.

4

> armed with nothing more than conclusions. …
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal citations and quotations omitted). Additionally, while a claimant sometimes will plead insufficient facts to support it claim, it is also the case that "a plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he is not entitled to relief." *USCOC of Greater Mo., L.L.C. v. Vill. of Marlborough*, 618 F. Supp. 2d 1055, 1061 (E.D. Mo. 2009) (citing *Centers v. Centennial Mortgage., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

**2. Argument.**

This Court has described the basic law of patent infringement as follows:

> A patent is directly infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... during the term of the patent." 35 U.S.C. § 271(a). Under the doctrine of equivalents, a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is equivalence between the elements of the accused product or process and the claimed elements of the patented invention. It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude.

*CCD Holdings LLC v. Cenergy United States*, No. 4:19-cv-102, 2019 U.S. Dist. LEXIS 118321, at *4 (E.D. Ark. May 20, 2019) (case citations and internal quotations omitted). To infringe a claim of a patent, an accused product must contain each and every element of that patent claim. *Kustom Signals, Inc. v.*

5

*Applied Concepts, Inc.*, 264 F.3d 1326, 1333 (Fed. Cir. 2001). Here, Samsonico International has failed to plead factual allegations that plausibly suggest that Six Hogs' snowball product infringes any claim of the '356 patent.

The '356 Patent includes seven claims. (Dkt. 36 at 17, Exh. A at 6). Claim 1 is an independent claim, and claims 2-7 depend on claim 1. (*Id.*). Samsonico International does not even allege which of these seven claims are infringed, let alone allege facts showing that Six Hogs' snowball product contains any of the numerous elements of the claims of the '356 Patent. For example, independent claim 1 of the '356 Patent recites:[3]

> 1. A fiber ball, comprising:
>
>> a fiber bundle strand having a predetermined length bound together with a fastening fiber at a central core,
>>
>> wherein said fiber bundle strand comprises a plurality of individual fiber beads formed by forcing fiber material through a spinneret,
>>
>> wherein said plurality of individual fiber beads extend outwardly and away from said fastening fiber at said central core to form a generally spherical shaped ball.

(Dkt No. 36 at 17, Exh. A at 6).

For Samsonico International to properly state a claim that Six Hogs' snowball product infringes claim 1 of the '356 Patent, it must plead factual allegations that plausibly suggest that Six Hogs' snowball product contains, either directly or through the doctrine of equivalents, each of the three elements of Claim 1. *See*

---

[3] Independent claims in a patent are presumed to be broader than dependent claims. *Hill-Rom Services, Inc. v. Stryker Corp.*, 755 F.3d 1367, 1376 (Fed. Cir. 2014). Thus, claim 1 of the '356 patent is the broadest claim of the patent.

*Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp.3d 768, 775 (N.D. Ill. 2016) (recognizing that "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement …"). Samsonico International's counterclaim, however, includes no factual allegations that Six Hogs' snowball product contains **any** of the claimed elements, much less those related to the center core, such as "a fastening fiber at a central core" and "individual fiber beads [that] extend outwardly and away from said fastening fiber at a central core."[4] Paragraph 16 of the counterclaim – alleging that Six Hogs "made or had made, used, offered for sale and/or sold the Knock-off Product that infringes the Patent, either directly or through the Doctrine of Equivalents" – is nothing more than a recitation of language in 35 U.S.C. § 271(a) and an unexplained reference to the doctrine of equivalents. (Dkt. No. 36, at ¶ 16). "[T]hese bare assertions … amount to nothing more than a 'formulaic recitation of the elements' of a [patent infringement] claim … As such, the allegations are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

The only other factual allegation specifically directed to the Six Hogs snowball is the assertion in counterclaim paragraphs 10 and 11 that an online photograph depicting the exterior of Six Hogs' snowball appears to be "virtually identical" to unidentified third-party products that the defendants purportedly have purchased and examined in the past. (*Id.* at ¶¶ 10-11). Whatever conclusions

---

[4] Samsonico International's counterclaim also fails to plausibly suggest that Six Hogs' snowball product was "formed by forcing fiber material through a spinneret" as necessary to state a claim for patent infringement of claim 1 of the '356 Patent.

Samsonico International may have drawn from the online photo of Six Hogs' snowball product, a photo found on the internet of an opaque snowball does not plausibly suggest that the accused snowball contains "a fastening fiber at a central core" and "individual fiber beads [that] extend outwardly and away from said fastening fiber at a central core." Thus, even assuming the truth of Samsonico International's allegations, the allegations "are 'merely consistent with' [Six Hogs'] liability" and suggest only "a sheer possibility that [Six Hogs] has acted unlawfully." *Iqbal*, 556 U.S. at 678. The allegations therefore do not "show[] that the pleader is entitled to relief," *id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)), and Samsonico International's counterclaim should be dismissed.

### 3. Conclusion.

Samsonico International's generic, conclusory counterclaim allegations fail to plausibly suggest that it has a right to relief for patent infringement. Because of these pleading deficiencies, Samsonico International's counterclaim should be dismissed.

Respectfully submitted,

William L. Montague, Jr.
G. David McClure, Jr.
MONTAGUE LAW PLLC
110 W. Vine St., Suite 300
Lexington, Kentucky 40507
Telephone: (859) 423-1100
Email: will.montague@wmlex.com
Email: david.mcclure@wmlex.com

Richard Blakely Glasgow (2009157)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
Telephone: (501) 371-0808
Email: bglasgow@wlj.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of filing to all counsel of record.

 /s/ William L. Montague, Jr.
*Attorney for Plaintiff*